**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                             :
MARY K. BOWLES: BEY,         :
                             :   Civil Action No. 11-3081 (CCC)
         Petitioner,         :
                             :
    v.                       :   OPINION
                             :
ROY HENDRICKS, et al.,       :
                             :
         Respondents.        :
_____:
```

**APPEARANCES:**

    **MARY K. BOWLES: BEY,** Petitioner <u>Pro</u> <u>Se</u>
    1589 SKEET CLUB ROAD
    SUITE 102 #298
    HIGH POINT, NC 27265

**CECCHI,** District Judge

    This matter comes before the Court by way of Mary K. Bowles: Bey's ("Bowles: Bey" or "Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, Petitioner will be granted thirty days to re-submit her petition, as it currently does not comply with the Section 2254 Habeas Rules. Petitioner must also demonstrate that she meets the "in custody" requirement of 28 U.S.C. § 2254, as on the face of her petition it appears that she does not.

**I.      STANDARD OF REVIEW**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**II.     ANALYSIS**

**A. Requirements for 28 U.S.C. § 2254 Petitions**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court requires, *inter alia*, that the petition: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. R. 2(c) (1)-(3). Further, Rule 2(d) requires that the petition "substantially follow either the form appended to [the Rules] or a form prescribed by a local district court rule." R. 2(d).

Bowles: Bey's current petition does not meet these requirements. Specifically, it is not clear to the Court from the face of the petition the grounds for relief available to

Petitioner; the facts Petitioner alleges to support those grounds; or the relief Petitioner is requesting from this Court. Therefore, Petitioner shall be granted 30 days from the date of this Opinion to resubmit an amended petition that complies with Rule 2 of the Section 2254 Habeas Rules.  The Clerk of the Court shall provide Petitioner with a blank form for a Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus).

**B. "In Custody" Under 28 U.S.C. § 2254**

It appears from the petition that Bowles: Bey is not currently incarcerated.  In addition, Court notes that Petitioner personally took receipt of the Exemplification Certificate (CM/ECF Docket Entry No. 8) from the Clerk's Office on August 25, 2011.  As such, it appears that Petitioner may not meet the "in custody" requirement of 28 U.S.C. § 2254.  Section 2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person ***in custody*** pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be "in custody" under the conviction he is attacking when the petition is filed, in order for this Court to

3

have jurisdiction.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

Indeed, as the Court of Appeals for the Third Circuit has stated, "custody is the passport to federal habeas corpus jurisdiction." Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir.1971), cert. denied, 409 U.S. 853, 93 S.Ct. 184, 34 L.Ed.2d 96 (1972). "Custody" is defined not only as physical confinement, but includes circumstances entailing such limitations on a person's liberty as those imposed during parole. See Maleng, 490 U.S. at 491; see also Hensley v. Mun. Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (determining that a habeas petitioner released on his own recognizance, who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement). However, a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. See Maleng, 490 U.S. at 491.

Here, it appears from the face of the petition that Bowles: Bey is not "in custody." Specifically, it is not entirely clear what state court conviction Petitioner is challenging, and it does not appear that she is currently incarcerated.  Further, on the face of the petition, Bowles: Bey does not seem to be currently on probation or parole from a state court conviction or

4

in any other way "in custody." Thus, she may not be entitled to relief under Section 2254 and her petition may be subject to dismissal for lack of jurisdiction.

However, before this Court dismisses the petition for lack of jurisdiction, Petitioner will be given the opportunity to show cause in writing why her petition should not be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a).

### III. CONCLUSION

For the foregoing reasons, this Court finds that Bowles: Bey's petition does not comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court. Petitioner shall be granted 30 days from the date of this Opinion to resubmit an amended petition that complies with the Section 2254 Habeas Rules. Further, the Court also finds that Bowles: Bey's petition may be subject to dismissal for lack of "in custody" jurisdiction. Accordingly, the Court will order Petitioner to show cause in writing why her petition should not be dismissed for failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). An appropriate order follows.

Dated: November 17, 2011
s/Claire C. Cecchi
CLAIRE C. CECCHI
United States District Judge